UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

CHARLTON A. JOHNSON
                    Plaintiff,

-against-

DANIEL R. SUMNER
D/B/A SUMNER LAW ASSOCIATES, INC.

                    Defendant.

-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N.Y
★ SEP 29 2011 ★
LONG ISLAND OFFICE

CV 11 4768
BLOCK, J.
CARTER, M.J.
SUMMONS ISSUED

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Daniel R. Sumner d/b/a Sumner Law Associates, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to Kent County Memorial Hospital.

4. Defendant's principal place of business is located in Warwick, Rhode Island.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about October 4, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "If we do not receive your payment or hear from you within 30 days, we will have no other alternative but to file suit against you in District Court."

12. Said language threatens actions in which the defendant does not intend to engage.

13. Said language is a threat of legal action when set forth under an attorney's letterhead.

14. The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

15. That a mass-produced computer generated letter bearing a typewritten signature was forwarded to the plaintiff.

16. Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

17. That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the date of the letter at issue.

18. Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

19. Daniel R. Sumner has personally approved the text of the letters and/or allowed his letterhead to be used knowing that the files have not been reviewed by an attorney.

20. Daniel R. Sumner has been engaged in this unsavory practice for years despite the fact that he has been sued numerous times.

21. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(3), 1692e(5) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this Cause of Action.

23. This cause of action is brought on behalf of plaintiffs and the members of a class.

24. The Class consists of consumers who received the same form letter, as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about October 4, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Kent County Memorial Hospital; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(3), 1692e(5) and 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters and language therein which violate the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

27. The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of

enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31. Defendant violated the FDCPA as set forth above.

32. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
September 28, 2011

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)



# Sumner Law Associates Inc.

October 4, 2010

Charlton A Johnson (610)
2127 Milburn Ave
North Baldwin NY  11510

Patient:   Charlton A Johnson          Account #: 560687036
Date:      8/29/2009                   Amount:    $50.00

Dear Sir or Madam:

    Please be advised that the above mentioned account/accounts owed to **Kent County Memorial Hospital** remain(s) outstanding.

    We would appreciate your cooperation in clearing up this matter by remitting full payment to this office within 30 days.  Please make your check payable to Kent County Hospital.  If you are unable to pay the balance in full, please call 732-1020 immediately to set up a payment arrangement.

    If we do not receive your payment or hear from you within 30 days, we will have no other alternative but to file suit against you in District Court.

                                Sincerely,

                                  Daniel R. Sumner

DRS:lm

This communication is from a debt collector.
This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

200 Metro Center Blvd. Unit 9
Warwick, RI 02886

Phone: 401-732-1020
Fax: 401-732-2005
www.sumner-law.com